**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 1 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JES SOLAR COMPANY LIMITED, a
South Korean Corporation; et al.,

Plaintiffs-Appellants,

v.

MATINEE ENERGY INCORPORATED, a
Nevada Corporation; et al.,

Defendants-Appellees.

No.   19-16748

D.C. No. 4:12-cv-00626-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted September 15, 2020
San Francisco, California

Before:  WATFORD, FRIEDLAND, and MILLER, Circuit Judges.

Jes Solar Co., Ltd., Airpark Co., Ltd., and Hankook Technology, Inc.

(collectively, the contractors) appeal from the district court's order granting

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

summary judgment to S. Chin Kim and Tong Soo Chung on the contractors' claims for civil conspiracy and personal liability under an alter ego theory for fraud perpetrated by Matinee Energy, Inc. The contractors also appeal the denial of their motion for reconsideration under Federal Rule of Civil Procedure 59(e). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.　　We review the district court's order granting summary judgment de novo, *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011), and we view the evidence in the light most favorable to the non-moving party, *see Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). We discern no error in the district court's grant of Kim's and Chung's motions for summary judgment on the civil conspiracy claim.

We agree with the district court that the contractors bore the burden of establishing that Kim and Chung knew that the Matinee project was fraudulent. *See Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 38 P.3d 12, 36–37 (Ariz. 2002). To prevail on a civil conspiracy claim under Arizona law, "a plaintiff must show by clear and convincing evidence that the defendant and at least one other person agreed to accomplish an unlawful purpose or a lawful purpose by unlawful means." *Dawson v. Withycombe*, 163 P.3d 1034, 1053 (Ariz. Ct. App. 2007). Mere assistance with a tortious act does not prove an agreement to accomplish an

2

unlawful purpose; instead, the plaintiff must show that the defendant knew of the illicit design and agreed to help further it. *Id.* Thus, once Kim and Chung met their initial burden at summary judgment to show the lack of evidence on the knowledge element, the contractors bore the ultimate burden of producing sufficient evidence for a reasonable jury to conclude, by clear and convincing evidence, that Kim and Chung had knowledge of the fraudulent nature of the Matinee enterprise. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

The district court correctly determined that the contractors lacked evidence that Kim and Chung were knowingly involved in the Matinee scheme rather than unwittingly relaying the false statements of others. The contractors seek to impute knowledge to Kim and Chung based on their status as CEOs of Matinee Energy, but in the absence of specific evidence of knowledge, that status is insufficient to carry the contractors' burden. *See, e.g.*, *Dawson*, 163 P.3d at 1054–55 (finding insufficient evidence that a board member had knowledge of a corporate conspiracy). In the case of Kim, the contractors principally rely on a report of a suspicious dinner conversation that was overheard from behind a closed door and an ambiguous statement in an otherwise unremarkable email that "no one will question" Matinee Energy's affiliate LuxChange. Under a clear-and-convincing standard, a reasonable jury could not find that evidence sufficient to determine that

3

Kim had knowledge of the Matinee fraud. The same is true of Chung, as to whom the contractors presented even less evidence of knowledge.

2. The district court also did not err in granting summary judgment to Kim and Chung on the alter ego theory of personal liability. Under Arizona law, shareholders are directly liable for torts committed by a corporation only "when the corporation is, in fact, the alter ego of one or a few individuals and when the observance of the corporate form would sanction a fraud or promote injustice." *Employer's Liab. Assurance Corp. v. Lunt*, 313 P.2d 393, 395 (Ariz. 1957). That is a demanding standard under which there must be "such unity of interest and ownership that the separate personalities of the corporation and owners cease to exist." *Dietel v. Day*, 492 P.2d 455, 457 (Ariz. Ct. App. 1972); *see also Ize Nantan Bagowa, Ltd. v. Scalia*, 577 P.2d 725, 729 (Ariz. Ct. App. 1978) (requiring "a complete or almost complete assimilation of the two identities" before imposing personal liability (internal quotation marks and citation omitted)).

The evidence here did not satisfy that test. For Kim, the contractors presented evidence that he was the CEO of Matinee Energy, that he appointed Kyung Kim as an officer of Matinee Energy and authorized her access to key bank accounts, and that he may be considered a shareholder of a Matinee affiliate. For Chung, the contractors pointed to his position as CEO of the Asia Pacific Region, as well as his use of Matinee funds to pay for his hotel room at a groundbreaking

4

ceremony. But merely exercising the power of a corporate officer and shareholder, or enjoying the benefits that accompany those positions, is not sufficient to show an identity of ownership with the corporation. *See Ize Nantan Bagowa*, 577 P.2d at 729–30.

3.    We review the court's denial of the motion for reconsideration for abuse of discretion. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Because the district court did not err in granting summary judgment in favor of Kim and Chung, it did not abuse its discretion in denying reconsideration of its order.

**AFFIRMED**.